FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 25, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JARED DAMACIO NUNEZ,<br><br>　　　　　Defendant. | No. 1:21-CR-02022-SAB-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND GRANTING DEFENDANT'S MOTION TO EXPEDITE<br><br>**ECF Nos. 40, 41** |

　　　Before the Court without oral argument are Defendant's Motion to Modify Conditions of Release (ECF No. 40) and related Motion to Expedite (ECF No. 41).

　　　Defendant requests that the Court remove Special Conditions 8 and 9 to eliminate his GPS monitoring and curfew. Defendant argues the conditions are no longer necessary as demonstrated by his compliant behavior while on pretrial supervision. Neither the United States nor United States Probation/Pretrial Services object to the proposed modifications.

　　　Due to the nature of the charge(s), there is a rebuttable presumption of detention in this case. Defendant is charged with five counts of distribution of

ORDER - 1

fentanyl. At the time of Defendant's initial detention hearing, the United States proffered that Defendant sold fentanyl to a confidential informant in recorded controlled buys on five occasions involving a total of approximately 1,100 fentanyl-laced pills. In addition, the United States proffered that approximately 900 additional pills were discovered in Defendant's car at the time of his arrest. A firearm was present in the vehicle's center console during one of the controlled buys and another firearm was located in Defendant's car at the time of his arrest, which he allegedly admitted was his firearm.

The charges are incredibly serious. Any time there are firearms present along with controlled substances, there is an increased risk of danger to the community. If convicted on count five, which involves distribution of 40 grams or more, Defendant faces a mandatory minimum of five years' imprisonment.

The Pretrial Services Report reflects that Defendant is just 20 years old and an alleged member of a gang. He has had seven contacts with law enforcement involving weapons or shots-fired where he was either a victim, witness, or a suspect. The Court agrees with the Court's prior assessment of danger and the conclusion that "strict" conditions were necessary to reasonably assure the safety of the community. The Court recognizes Defendant has been compliant with his conditions of his release. This is expected. GPS monitoring and the curfew conditions aid compliance, thereby reducing risk to the community. The nature

ORDER - 2

and allegations of the offense, along the Defendant's involvement with firearms, give the Court significant concern for the safety of the community if the GPS and curfew conditions are entirely removed.

Special Conditions No. 8 and 9 shall remain in effect.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 40**) is **DENIED** and Defendant's Motion to Expedite (**ECF No. 41**) is **GRANTED.**

DATED April 25, 2022.

*s/James P. Hutton*
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER - 3